T.C. Summary Opinion 2008-69


UNITED STATES TAX COURT


LINDA C. RICE, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9281-06S.                    Filed June 19, 2008.


<u>Trapper Stewart</u> and Amy Kingston (specially recognized),
for petitioner.

<u>Fred E. Green, Jr.</u>, for respondent.


SWIFT, <u>Judge</u>:  This case was heard pursuant to the provisions
of section 7463 of the Internal Revenue Code in effect when the
petition was filed.  Pursuant to section 7463(b), the decision to
be entered is not reviewable by any other court, and this opinion
shall not be treated as precedent for any other case.

The issue for decision is whether petitioner is entitled to relief from joint and several liability under section 6015(f) with respect to Federal income taxes relating to 1998 and 1999.

Unless otherwise indicated, all section references are to the Internal Revenue Code.

## Background

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner resided in Nevada.

In the early 1980s and after two semesters at the University of Texas, petitioner attended and completed cosmetology school. Since then, petitioner has been a cosmetologist, and at the time of trial petitioner was working 20 hours per week.

In 1985, petitioner married Ronald Rice (Rice). During their marriage, petitioner and Rice had two children together. Until 1997 petitioner and Rice lived in Texas; thereafter they lived in Nevada. On September 11, 2002, petitioner and Rice were divorced.

During most of their 17-year marriage, Rice was employed as an insurance agent with a health insurance broker. In the mid-1990s, Rice became a self-employed health insurance broker. After moving to Nevada in 1997, Rice maintained in Texas his insurance business, and he employed in Texas a secretary to manage his Texas office.

During their marriage, petitioner and Rice maintained a joint bank account from which family bills were paid, but each also maintained separate bank accounts. Occasionally petitioner deposited her cosmetology earnings into the joint bank account. Generally, Rice or his secretary in Texas paid the bills and handled the family finances.

Generally, Rice opened the mail and kept to himself all bills. Rice maintained his own post office box at which he regularly received mail.

During the years in issue, Rice never informed petitioner of any financial problems relating to the family, and petitioner never inquired of Rice as to the status of the family finances.

In 1998, petitioner's father lent to petitioner and to Rice funds to make delinquent mortgage payments on their Nevada residence and to pay several of petitioner and Rice's joint credit card debts. After petitioner's father's loan, petitioner thought that the couple's financial affairs were back in order.

Thereafter, however, without petitioner's knowledge Rice incurred additional credit card debt, and in 2001 Rice filed for bankruptcy. During Rice's bankruptcy proceeding, petitioner became aware that taxes reported due on some of petitioner and Rice's filed joint Federal income tax returns had not been paid.

As a result of petitioner and Rice's divorce in 2002, petitioner was given custody of both children. Under the divorce

decree between petitioner and Rice, Rice was to pay to petitioner $1,000 a month for child support, and Rice was to pay the couple's outstanding Federal income taxes attributable to Rice's separate income.[1]  At the time of trial, one of the children, age 16, lived with and was financially supported by petitioner.

Petitioner and Rice filed their joint Federal income tax returns late for 1994 through 1997, each return reporting tax due which was not paid.

For 1998 and 1999, either Rice's secretary or Rice prepared petitioner and Rice's joint Federal income tax returns. Petitioner did not review the joint Federal income tax returns, and petitioner did not ask Rice whether and how the taxes reported due thereon would be paid; but petitioner "signed where * * * [Rice] told * * * [her] to sign."

On October 18, 1999, petitioner and Rice filed their 1998 joint Federal income tax return reporting a tax due of $3,453. On October 19, 2000, petitioner and Rice filed their 1999 joint Federal income tax return reporting a tax due of $1,466.  Those taxes were not paid at the time of filing either return.

---

[1]  The parties agree that the taxes in issue are attributable to Rice's separate income.

In 2003 and 2004, petitioner overpaid to respondent a total of $2,363 with respect to petitioner's 2002 and 2003 individual Federal income taxes. After respondent's application of petitioner's 2002 and 2003 tax overpayments to petitioner and Rice's outstanding 1998 and 1999 joint Federal income taxes and after several subsequent payments, $444 and $1,172 remain due on petitioner and Rice's Federal income taxes for 1998 and 1999.

On May 31, 2005, petitioner submitted to respondent a Form 8857, Request for Innocent Spouse Relief, in which petitioner requested a refund of taxes she paid and relief from the remaining unpaid taxes due on petitioner and Rice's 1998 and 1999 joint Federal income taxes.

On June 28, 2005, petitioner submitted to respondent Form 12510, Questionnaire for Requesting Spouse, relating to petitioner's request for relief from joint liability, on which petitioner stated that: (1) Until 2001 when Rice filed the bankruptcy proceeding, petitioner was unaware of any unpaid Federal income taxes; (2) petitioner's monthly income was $2,868, including $1,000 in child support from Rice (which she rarely received); (3) petitioner's monthly household expenses were $2,868; and (4) petitioner spent $365 a month on recreation.

On or around September 30, 2005, respondent mailed to petitioner a preliminary determination letter denying petitioner's request for innocent spouse relief. Respondent

explained that because petitioner and Rice's 1994 through 1997 joint Federal income tax returns reported taxes due which were not paid with the filing of the tax returns, petitioner should have known that the taxes reported due on their 1998 and 1999 joint Federal income tax returns also would not be paid. Respondent also explained that because petitioner claimed unnecessary monthly recreation expenses of $365, petitioner would not suffer economic hardship if not granted the requested relief.

On November 9, 2005, petitioner submitted to respondent Form 12509, Statement of Disagreement, on which petitioner noted that: (1) Petitioner had additional monthly household expenses; (2) petitioner's parents owned the residence in which petitioner lived; (3) only when Rice paid to petitioner child support did petitioner pay to her parents monthly rent; (4) Rice was 2 months behind in child support; and (5) petitioner's parents paid her life insurance premiums and her recreation expenses. Subsequently, petitioner also submitted bank statements from her individual bank account which showed transfers between petitioner's individual bank account and other unidentified savings and business checking accounts.

On March 9, 2006, respondent issued a notice of determination denying petitioner's request for relief.

For 2002 and subsequent years, petitioner has been in compliance with the Federal income tax laws.

## Discussion

Generally, taxpayers filing joint Federal income tax returns are jointly liable for taxes reported due thereon. Sec. 6013(d)(3). However, equitable relief from joint liability for tax underpayments and a refund of taxes paid may be available to a spouse where it would be inequitable to hold the spouse liable. Sec. 6015(f)(1), (g)(1).

Rev. Proc. 2003-61, sec. 4.03(2), 2003-2 C.B. 296, 298, sets forth facts to consider in reviewing requests for section 6015(f) equitable relief. No one fact controls. Id.

With regard to whether petitioner would suffer economic hardship, bank statements show transfers between petitioner's separate bank account and other accounts. Funds in these other accounts may represent additional capital available to petitioner to pay her basic living expenses. Absent more specific and detailed evidence regarding her income, assets, and expenses, petitioner has failed to provide a complete picture of her financial situation and has not established that she would suffer economic hardship if she were denied equitable relief from the taxes in question.

Petitioner appears to have the ability to work more than 20 hours a week and to earn more income. On the record before us petitioner has not established that she does not have the ability, time, or resources to earn more income. Petitioner has

not established that she would suffer economic hardship if not granted relief.

With regard to whether petitioner had reason to know of the underpayments of taxes reported due on the 1998 and 1999 joint Federal tax returns petitioner and Rice filed, petitioner generally had a "duty of inquiry" to verify that the reported taxes for 1998 and 1999 were to be paid with the filing of the tax returns. See Butler v. Commissioner, 114 T.C. 276, 284 (2000). Petitioner is not relieved of this duty of inquiry simply because Rice controlled the preparation and filing of the tax returns. See Hayman v. Commissioner, 992 F.2d 1256, 1262 (2d Cir. 1993), affg. T.C. Memo. 1992-228.

The record establishes that petitioner, at the time she signed the 1998 and 1999 joint Federal income tax returns, was aware that: (1) Rice's Texas secretary had not been paying some bills; and (2) petitioner and Rice needed petitioner's father's loan to avoid foreclosure on their residence and to pay joint credit card debt.

We conclude that at the time she signed the 1998 and 1999 joint Federal income tax returns petitioner had reason to know that Rice would not and did not pay the taxes reported due thereon.

Other facts in this case generally are neutral.  The record does not establish whether petitioner received significant benefit from the unpaid income taxes and whether petitioner was subject to abuse from Rice, and no facts indicate that petitioner's mental or physical health was poor.  See Rev. Proc. 2003-61, sec. 4.03(2)(b)(i) and (ii), 2003-2 C.B. at 299.

Under petitioner and Rice's divorce decree, Rice was responsible for paying the taxes reported due for the years in issue.  However, if petitioner had reason to know, as she did, that Rice would not and did not pay the taxes relating to petitioner and Rice's 1998 and 1999 joint Federal income tax returns, this fact is neutral.  See id. sec. 4.03(2)(a)(iv), 2003-2 C.B. at 298.

We are sympathetic to petitioner's plea for relief. Nevertheless, respondent's denial to petitioner of equitable relief under section 6015(f) is sustained.

To reflect the foregoing,

Decision will be entered for

respondent.